Braley's Creamery Inc.
vs.
Edward T. Sweeney
} Eq. No. 10422.

October 20, 1930.

BLODGETT, P. J. Bill in equity seeking to restrain respondent from engaging in the retail milk business in the territory in which respondent had been employed by complainant and from soliciting customers in such territory.

Respondent was employed by complainant under a written agreement, and was discharged from such employment. Respondent was then engaged in the retail milk business in his former territory.

The agreement of record is somewhat uncertain and drastic in its terms. In the first clause the agreement states that the length of term thereof shall be mutually agreed upon. There was no testimony that any term of employment was agreed upon.

Complainant discharged respondent from its employ and respondent promptly went to work for himself or another employer over the same route formerly covered and in the same line of business. This condition of the agreement was ignored.

The second clause contains a condition that respondent, during the term of his employment and for five years thereafter, shall not directly or indirectly enter into the employment of, or render any service to, any other person engaged in the retail or wholesale

milk business in the city of Providence. R. I., or in any other territory in which he has been employed, or on his own account.

This condition is drastic and the territory involved very large, unless same be limited to such territory as respondent has actually been covering.

It would seem unreasonable that respondent should be cut off from engaging in such a business in parts of Providence distinct from the route established in his former employment, or that such a construction should be placed on the agreement. These questions have arisen in many jurisdictions and there are numerous opinions in our own State and elsewhere. From these it seems settled that contracts in restraint of trade can be enforced only when reasonable and not injurious to public interest.

*Deuerling* vs. *City Baking Co.*, 141 Atl. 542.

It seems further settled that restraint can only be justified by the special circumstances of each particular case.

*Sherman* vs. *Pfefferkorn*, 241 Mass. 468.

The contract was terminated in the present case by the act of the employer in discharging the respondent, and not by any mutual agreement. Respondent, however, accepted the discharge and sought other employment, bringing no action for breach of the contract.

The agreement binds the respondent while in the employ of complainant or upon termination of same, and the question as to whether he was discharged for cause or not has no part in the present case.

The Court is of the opinion from the evidence that respondent should be restrained from soliciting customers over that part of his route upon which he was formerly employed, and from engaging in the wholesale or retail milk business, either for himself or as an employee of another, on the route where employed under this agreement.

A decree to this effect may be submitted to the Court.

For complainant: Vance & Vance.

For respondent: Michael Addeo.